ANNA KRESL, APPELLANT, v. VILLAGE OF DODGE, APPELLEE.

FILED NOVEMBER 5, 1931. No. 27991.

*Courtright, Sidner, Lee & Gunderson,* for appellant.

*J. C. Cook, Kennedy, Holland & De Lacy* and *E. J. Svoboda, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER and RYAN, District Judges.

PER CURIAM.

The dependent widow of Ludwig Kresl brings this suit against the Village of Dodge for an award under the workmen's compensation law. The evidence shows he was village marshal and in addition to the duties incident to that position he was assigned and performed the usual duties of a water and light commissioner. He received $80 a month and had held the position for over a year. His duties began about noon each day and ended about 3:00 a. m. the next morning, with time out for the evening meal, which he took at his home in the village. The night hours were chiefly devoted to his work as marshal or watchman. For his daytime work he wore work-clothes and at night he changed to other suitable clothing.

About 6 o'clock in the evening of December 23, 1925, he took home some meat for the evening meal, gave it to his wife in the kitchen and went to the sitting room. It

was his custom to change his clothes before eating if he had the time before the meal was ready. In a few minutes the plaintiff, who was about her duties as a housewife, but not then in the room with him, heard a shot. She went to the sitting room and found he had been killed by a pistol shot through his left temple. He was in the habit of carrying in his pocket a small automatic shell-ejecting pistol. This was found on the floor beside him. It was "off the safety" and was so bound with adhesive tape that it was necessary only to pull the trigger to discharge it. Later, when the undertaker and his assistant arrived to care for the body, which had been left in the same position on the floor, they undressed him. After they unfastened the bib of his overalls and rolled or pulled it down, they heard some small object fall on the floor. On examination they discovered near his left side an empty shell of the same caliber as those in the pistol. It was evidently this cartridge that was used in producing his death. Plaintiff had last seen him in the sitting room. She had gone to get a dress on which she had been working that day. As she carried it past him he was standing near the table with the gun in his hand. This gun had a bad history. It had been accidentally discharged in the house. Once when Mr. Kresl was handling the gun it went off, the bullet going through a dresser in the bedroom, and another time when Mrs. Kresl was moving his overalls from one place to another the gun fell out of a pocket and was discharged, shooting her in the leg.

The above gives a mere outline of the testimony. Both the compensation commissioner and the district court found for defendant. Upon a careful consideration of the case *de novo,* we find the appellant has not sustained the burden of proving that the death was the result of an accident arising out of and in the course of Kresl's employment.

The judgment of the district court is

AFFIRMED.